UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| TERRY B. YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 17-248-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Terry B. Young is a prisoner at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Young filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Young's petition without prejudice.

Pursuant to federal law, the Bureau of Prisons (BOP) has established a classification system in order to determine where inmates will be confined. *See* U.S. Dep't of Justice, Fed. Bureau of Prisons, *Program Statement P5100.08: Inmate Sec. Designation & Custody Classification* 1 (2006), at https://www.bop.gov/policy/progstat/5100_008.pdf. As part of that system, the BOP may assign Public Safety Factors (PSFs) to inmates who are not appropriate for placement at an institution which would permit that inmate access to the community (i.e., a minimum security prison). *See id.* at 13, 48-52 (discussing PSFs).

According to Young, the BOP assigned him a PSF known as "Greatest Severity." Young asked the BOP to waive that PSF so he could be transferred to a minimum security prison, but the BOP denied his request. Young now argues, among other things, that the BOP denied his request because he is African-American and, therefore, it discriminated against him in violation of the U.S. Constitution and other federal law.

Young's claims, however, are not cognizable under § 2241. That is because "[i]t is well established that challenges to a prisoner's classification or place of confinement . . . are 'conditions of confinement' claims which may only be asserted in a civil rights action." *Owen v. Sepanek*, No. 14-cv-158-HRW, 2014 WL 6610169, at *3 (E.D. Ky. 2014) (collecting cases). This includes claims of discrimination in a prisoner's classification. *Id*. at *6. Thus, if Young would like to challenge the BOP's actions regarding his PSF, he must file a formal civil rights complaint with this Court pursuant to the doctrine announced in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

Accordingly, it is hereby **ORDERED** as follows:

1. Young's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice. That said, Young may still file a civil rights complaint regarding this matter.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 10th day of January, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge